PATTERSON, P. J., McLAUGHLIN, CLARKE and LAMBERT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs.

---

In the Matter of the Application of HENRY B. SNYDER, Appellant, for Payment Out of Court of Moneys Deposited to the Credit of the Case of SNYDER *against* DE FOREST WIRELESS TELEGRAPH COMPANY and Others.

JAMES A. ALLEN and ROGER FOSTER, Respondents.

First Department, May 24, 1907.

**Attorney and client — contract for contingent fee — attorney's lien attaches only to percentage of settlement — breach of agreement by client not to settle without consent — attorney left to action for breach of contract.**

Under an agreement by which an attorney is to receive one-half of a recovery contingent upon success, an amount received by the client in settlement of the action stands in place of the cause of action and the attorney has a lien thereon only for the percentage set by the contract.

When the contract of retainer also contains an agreement by the client not to settle without the consent of the attorney and there is a breach of that agreement, the attorney desiring to recover more than one-half of the settlement must bring an action for breach of contract.

The court is without power to appoint a referee to take proof of the reasonable value of the attorney's services above the percentage set by the retainer in a special proceeding brought by the client to obtain one-half of the settlement which was paid into court.

APPEAL by the petitioner, Henry B. Snyder, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of April, 1907, directing a reference to determine the value of the services rendered by the respondents as attorneys for the petitioner.

First Department, May, 1907.    [Vol. 119.

*George P. Breckenridge*, for the appellant.

*Roger Foster*, for the respondents.

Ingraham, J.:

The petitioner retained James A. Allen and Roger Foster to commence an action against the De Forest Wireless Telegraph Company. Such retainer provided that Foster and Allen should receive for their services one-third of the proceeds of said litigation; that they should make no other charge for their services and no charge should be made except in case of success, or from the sale of certain stock specified in the agreement to any of the parties mentioned within six months after the termination of the litigation. The petitioner deposited 9,000 shares of such stock with Mr. Foster to secure the faithful performance of his agreement. It was also provided that neither party to the agreement should settle the litigation without the consent of each of the other parties. This agreement was subsequently modified by fixing the compensation of Foster and Allen at one-half of the recovery instead of one-third. The second agreement was made on the 8th of May, 1906. Subsequently the client desired to settle his controversy with this company for the sum of $7,500, but his attorneys seem to have objected to a settlement in which their fees would be less than $15,000. Whereupon, notwithstanding the refusal of the attorneys, the plaintiff settled the controversy and agreed to discontinue the action on payment of $7,500. A motion was then made to formally discontinue this action instituted by Foster and Allen for the plaintiff upon payment of $7,500 into court. That motion was granted by an order entered the 1st of March, 1907; the action discontinued, and the sum of $7,500 paid into court. Subsequently the client made a motion to be paid one-half of this $7,500, but this motion was opposed by his attorneys, they claiming that they had performed professional services of the value of more than $15,000, and $336.25 disbursements. The attorneys submitted an affidavit which contains a statement of the services that they rendered.

The petitioner moving to obtain one-half of the amount for which this settlement was made, the court, instead of determining that order one way or the other, appointed a referee to take proof of

the reasonable value of the services rendered by Foster and Allen under this contract.

Under the contract the attorneys were entitled to one-half the recovery. The recovery is the amount for which the litigation has been settled, and that amount of settlement stands in place of the causes of action upon which the attorneys have a lien under their contract. Upon the face of the papers, therefore, the petitioner is entitled to one-half and the attorneys the other half of the amount realized upon the settlement. There could be no question about this were it not for the fact that the client specially agreed not to settle the litigation without the consent of the attorneys, and he has apparently broken that agreement by the settlement made. It seems to me that this gives the attorneys a right of action against the client for a breach of contract. The court having ordered the discontinuance of the action on payment of this money into court, there is nothing left upon which the attorneys have a lien except the sum of money which stands in place of the cause of action, and under the agreement the attorneys are entitled to one-half of that amount.

Upon this state of facts I do not think the court was justified in instituting an inquiry as to the value of the attorneys' services. The attorneys may have a cause of action against their client for a breach of contract by settling without their consent, and I think they should be left to the enforcement of that cause of action if they wish to recover more than one-half of the amount realized by the settlement.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the amount in court divided between petitioner and attorneys.

PATTERSON, P. J., McLAUGHLIN, CLARKE and LAMBERT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and payment directed as stated in opinion.